**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Angelo Ham, | ) Civil Action No. 6:18-cv-01673-JMC |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER AND OPINION** |
| M. Stephan, *Former Warden*, | ) |
| Colonel Wells, D. Williams, *Unit Manager*, | ) |
| E. Williams, *Sgt.*, and Dr. John McRee, | ) |
| | ) |
| | ) |
| Defendants. | ) |

Plaintiff Angelo Ham ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 4.) Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the action alleging the use of excessive force, as well as cruel and unusual punishment, in violation of 28 U.S.C. § 1983. (*Id.*) Plaintiff claims he was injured and denied prompt medical treatment, thus depriving him of his rights under the Eighth Amendment of the United States Constitution. (ECF No. 1-2.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 70) and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 47) as to all remaining claims. Additionally, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 70) and **DENIES** all pending nondispositive motions (ECF Nos. 52, 67) as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this § 1983 action on June 18, 2018, asserting claims for deliberate indifference, excessive force, and cruel and unusual punishment. (ECF No. 1 at 4.) Plaintiff

asserted all claims against the following defendants[1]: former Warden Michael Stephan, Unit Manager Dedric Williams, Sgt. Eartha Mae Williams, Colonel Gregory Wells, Dr. John McRee, Officer Galloway, and Officer Smithana (collectively, "Defendants"). (*Id*.)

On December 12, 2018, Defendants filed their Motion for Summary Judgment. (ECF No. 47). On July 22, 2019, the Magistrate Judge, issued a Report in which he recommends granting Defendants' Motion for Summary Judgment. (ECF No. 70.) Additionally, the Magistrate Judge recommends denying all pending nondispositive motions as moot. (*Id*. at 15.) Objections to the Report were due on August 8, 2019. (ECF No. 70.) Plaintiff timely filed objections to the Report on August 7, 2019. (ECF No. 72.) Defendants did not file objections to the Report. This matter is now ripe for review.

## II. STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *Id.* Additionally, as Plaintiff is a *pro se* litigant, the court is required to liberally

---

[1] By order filed February 6, 2019 (ECF No. 63), the undersigned dismissed Plaintiff's Complaint as to Defendants Galloway and Smithana.

construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## III. DISCUSSION

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Plaintiff has raised one specific objection: the Magistrate Judge erred in his recommendation granting summary judgment in favor of Defendants for his "failure to protect" claim. (ECF No. 72 at 1.) As such, the court will only address this objection. *See Camby* at 199 (court not required to give any explanation for adopting recommendation in the absence of specific objections).

Regarding Plaintiff's objection to the Magistrate Judge's recommendation to dismiss Plaintiff's failure to protect claim, which Plaintiff first raised in his response (ECF No. 58) to Defendants' Motion for Summary Judgment. Plaintiff contends that the Magistrate Judge's determination that the claim "was not pled in the Complaint and is thus not properly before the court"[2] was not a proper basis on which to dismiss the claim. (ECF No. 72 at 1.) Plaintiff further argues that "although he never clearly stated or argued a failure to protect claim, [he] did, in fact,

---

[2] In the Magistrate Judge's Report, he notes Plaintiff's procedural defect regarding his failure to protect claim. Specifically, the Report states: "In his response to the motion for summary judgment, Plaintiff [first raises] the argu[ment] that Unit Manager Williams, Sgt. Williams, and former Warden Stephan 'failed to ensure that his safety was protected.'" (ECF No. 70. (quoting ECF No. 58 at 6.))

argued (sic) and stated (sic) that the (sic) Defendants violated his Eighth Amendment [rights] which constituted cruel and unusual punishment." (*Id*. at 2).

The court first addresses whether the absence of a failure to protect claim in Plaintiff's *Complaint* is a proper basis to grant summary judgment as to that claim. It is a proper basis. *United States v. Drennan*, 121 F.3d 701, 1997 WL 543379, *5 (4th Cir. Sept. 5, 1997) ("It is well settled that arguments raised for the first time in a reply brief are waived."). While Plaintiff has articulated one of the Magistrate's Judge's reasons for his recommendation, Plaintiff omits the other portion of the record, which the court addresses next.

In addition to the Magistrate Judge's determination that the failure to protect claim fails on procedural grounds, the Report explains that Plaintiff's failure to protect claim also fails as a matter of law.

Indeed, the Report states:

> To succeed on a claim for failure to protect, a prisoner must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm" and (2) that prison officials exhibited deliberate indifference to his health or safety."
>
> …
>
> *Even if the court considers the statements submitted by the plaintiff* [albeit not in his Complaint], they do not create an issue of material fact as to plaintiff's claim of failure to protect. Here, the plaintiff has failed to show any evidence that defendants Unit Manager Williams, Sgt. Williams, and former Warden Stephan were deliberately indifferent to a specific harm to him stemming from the efforts *of other officers to respond to the alleged disturbance by another inmate.*

(ECF No. 70 at 13.) (emphasis added)

Based on the foregoing, the court concludes that Defendants are entitled to summary judgment as to Plaintiff's failure to protect claim. Additionally, the court concludes that Defendants are also entitled to summary judgment on all other claims.

## VI. CONCLUSION

After a thorough review of the issues in this case and review of the Report and the record, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 70), and the court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 47) as to Plaintiff's failure to protect claim and to all remaining claims. Further, the court **DENIES** all pending nondispositive motions as moot. (ECF Nos. 52, 67).

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

August 26, 2019
Columbia, South Carolina